# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05-CR-313 CAS |
| | ) | |
| ROBERT E. COLLIER, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on defendant Robert E. Collier's motions to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), initially filed pro se and then subsequently through appointed counsel, the Federal Public Defender's Office. The government filed a response to the latter motion, opposing any relief on the basis that defendant was sentenced as a career offender. Because defendant was not sentenced as a career offender, he is eligible for sentence reduction and the Court will grant his motions to reduce sentence.

**Background**.

On August 30, 2005, defendant Collier pleaded guilty to the charge of possession with intent to distribute cocaine base ("crack"). A presentence investigation was conducted and a presentence investigation report ("PSR") was filed on November 17, 2005. The quantity of crack cocaine involved in the offense resulted in a base offense level of 28. The PSR determined that, based on defendant's criminal history, he qualified as a career offender under U.S.S.G. § 4B1.1. Based on that finding, the PSR calculated his offense level at 31 after incorporating the three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. This created a sentencing range of 188 to 235

months. The PSR also calculated that, but for his status as a career offender, Collier's criminal history category was IV and base offense level would have been 28, resulting in an effective offense level of 25 after the adjustment for acceptance of responsibility, with a guideline range of 84 to 105 months.

On November 17, 2005, defendant appeared for sentencing. The Court sentenced defendant to 72 months. The government appealed the sentence and it was reversed by the Eighth Circuit. United States v. Collier, No. 05-4386 (8th Cir. Aug. 10, 2006). On October 12, 2006, defendant appeared for resentencing. The Court concluded that the career offender status overrepresented defendant's criminal history, and having considered defendant's work history, education, record of military service, drug addiction and depression, sentenced defendant to 120 months. Neither party appealed the sentence.

**Discussion**.

Upon motion, a district court may reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). This case requires the Court to closely examine the meaning of "based on" in this context. Collier seeks a reduction in accordance with Amendment 706 to the Sentencing Guidelines, which recently altered the drug quantity table in U.S.S.G. § 2D1.1(c). Collier argues that his sentence is "based on" § 2D1.1 because the Court's sentencing decision was based on a § 2D1.1 calculation of the guidelines, which have been lowered by the Sentencing Commission. Collier argues that he was not sentenced as a career offender, and once the Court decided to apply a non-guidelines sentence, the range relating to career offenders was waived and no longer applied, citing § 2D1.1, comment n.7. The government opposes the motion,

arguing that Collier's guideline range was based on a career offender enhancement pursuant to § 4B1.1, which is unaffected by Amendment 706, and therefore he is ineligible for a reduction in sentence because his range remains exactly what it was at the time of sentencing. Gov't. Response at 2. The government cites the Eighth Circuit's decision in United States v. Tingle, 524 F.3d 839, 840 (8th Cir. 2008) (per curiam), which held that the Sentencing Commission "did not lower the sentencing range for career offenders under U.S.S.G. § 4B1.1[.]"

If the Court were to find that Collier was sentenced under the career offender guideline, Amendment 706 would not apply to his sentence. U.S.S.G. § 1B1.10(a)(2)(B) states that no reduction is appropriate where the amendment in question "does not have the effect of lowering the defendant's applicable guideline range." Where a defendant was sentenced directly under the career offender guideline, the drug quantity table does not figure into the guideline range calculus and so a modification of that table cannot have the effect of lowering the defendant's sentence. See Tingle, 524 F.3d at 840. This is also true where a defendant was sentenced under the career offender guideline but was sentenced below the applicable range based on the government's filing of a § 5K1.1 motion. See United States v. Primers, 277 F. App'x 639 (8th Cir. May 7, 2008) (unpublished per curiam); see also United States v. Peoples, No. 4:03-CR-706 CDP (E.D. Mo. June 10, 2008).

Collier's case differs from Tingle, Primers and Peoples in one very important respect: The Court did not sentence Collier under the career offender guideline, but instead determined that the career offender designation was inappropriate because it substantially overrepresented defendant's criminal history.[1] Because of that determination, and after having considered other relevant factors

---

[1]The Statement of Reasons specifically notes that the Court stated it would adopt the reasoning in the supplemental sentencing memorandum filed by defense counsel [Doc. 41]. The supplemental sentencing memorandum urged the Court to consider defendant's guidelines range

3

under 18 U.S.C. § 3553(a), the Court imposed a sentence that it believed was sufficient, but not greater than necessary, to comply with the purposes of the statute.

Under the Guidelines, a court determines whether a defendant is a career offender and, if he is, calculates the sentence under § 4B1.1. The court may rely on the sentencing range prescribed for a defendant of a different criminal history category, i.e., the § 2D1.1 sentencing range, but only if the court determines that the criminal history category "substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes[.]" U.S.S.G. § 4A1.3(b)(1).

18 U.S.C. § 3582(c)(2) refers to lowering a sentence that was imposed "based on" an amended guideline. In U.S.S.G. § 1B1.10, which is the Sentencing Commission policy statement regarding the implementation of Section 3582, the Commission speaks of "the guideline range applicable to [the] defendant." At its basis, Collier's motion comes down to the question of whether he was sentenced "based on" U.S.S.G. § 2D1.1. Other courts that have recently dealt with similar issues provide useful comment on the meaning of the term "based on" in § 2D1.1 in the context of sentencing a defendant who qualified as a career offender, where the sentencing judge found such a designation inappropriate and declined to treat the defendant as such.[2]

---

without the career offender designation. See Suppl. Sent. Mem. at 4-5.

[2]It should be noted that all of the initial sentencings in the cases discussed below took place pre-Booker and, as a result, the sentencing judge was required, pursuant to U.S.S.G. § 4A1.3, to base a downward departure on a revised guideline calculus. The sentencing in the instant case took place post-Booker. Following Booker, the precise allocation of a sentence's variance from the guideline range to a specific reduction in the offense level is no longer necessary, although it does bear on the starting point of locating the advisory range.

In United States v. Ragland, __ F.Supp.2d __, 2008 WL 2938662 (D.D.C. July 31, 2008), the district court found that Ragland was a career offender within the meaning of § 4B1.1 of the Guidelines, but also found that treating him as such would "overstate his criminal history and his likelihood of recidivism and that his criminal past is 'significantly less serious' than that of a typical career offender." Id. at *1. As a result, pursuant to § 4A1.3, the court departed from the sentencing range applicable under the career offender provision to the otherwise applicable range. Id. The court found that absent the career offender provision the applicable sentencing range was 188 to 235 months (offense level 31, criminal history category VI). Defendant later filed a § 3582(c)(2) motion based on Amendment 706. The court found that Amendment 706 applied and that defendant's new sentencing range was 151 to 188 months. The government did not oppose a reduction in the defendant's sentence to 151 months. Id.

In United States v. Poindexter, 550 F.Supp.2d 578 (E.D. Pa. 2008), the defendant was found to be a career offender, but the sentencing judge determined that the career offender designation overrepresented the defendant's total offense level and reduced the defendant's offense level to "that which he would have faced absent the career offender designation." Id. at 581. Subsequently, a different judge reviewed defendant's § 3582(c)(2) motion based on Amendment 706, and concluded over the government's objection that he was eligible for sentence reduction, because he had not been sentenced as a career offender. The court concluded there was "no doubt" that Section 2D1.1 "play[ed] a role" in Poindexter's guideline calculation far more significant than Section 4B1.1, the career offender section. Id.

In United States v. Nigatu, 2008 WL 926561 (D. Minn. Apr. 7, 2008), Judge Magnuson declined to sentence the defendant as a career offender in 2000 because that status overstated his

5

criminal history. The court assigned defendant a criminal history category of III, which would have applied absent the career offender designation, and imposed a 108-month sentence on a range of 108 to 135 months. The defendant later filed a § 3582 motion to reduce his sentence based on the crack cocaine amendments. The government opposed the motion on the basis that the defendant was a career offender. Judge Magnuson rejected this argument, noting he had specifically found in the Statement of Reasons that the designation of career offender status was inappropriate, and therefore could not have imposed the defendant's sentence based on the career offender table in § 4B1.1. Id. at *1. The court concluded that Amendment 706 applied and defendant was entitled to the two-level decrease. Id.

Finally, in United States v. Clark, 2008 WL 2705215 (W.D. Pa. July 7, 2008), the sentencing judge departed from the initial guidelines range of 262 to 327 months to a range of 151 to 188 months, based on his determination that the defendant's career offender status substantially overstated the seriousness of his criminal record, and sentenced the defendant to 151 months. On defendant's § 3582(c)(2) motion under Amendment 706 before a different judge, the court and the parties agreed that the motion should be granted and the starting point for resentencing should be the post-departure sentencing range. Id. at *1.

In the instant case, the Court finds that Section 2D1.1 "play[ed] a role" in Collier's guideline calculation which was far more significant than the role of Section 4B1.1, the career offender section on which the government argues his sentence was based. The Court at sentencing had the applicable guidelines calculations for defendant's sentence absent the career offender designation, and used that as the starting point for determining defendant's sentence, initially going below that range and,

6

following remand, going above that range. As a result, the Court concludes that Collier's sentence was "based on" Section 2D1.1, and not Section 4B1.1.

The Court is mindful of the provision of U.S.S.G. § 1B1.10(b)(2)(B) that where, as here, a court imposes a non-guideline sentence under § 3553(a) "a further reduction [under § 3582(c)(2)] generally would not be appropriate." This provision does not purport to *foreclose* a reduction when the original sentence varied from the guidelines.[3] The Sentencing Commission specifically endorses the possibility of a further reduction when the original sentence represented a guideline departure. See U.S.S.G. § 1B1.10 Cmt. n.3. In this context, it seems to make little sense to base the determination on whether the original sentence represented a "departure" or a "variance."[4] United States v. Reid, __ F.Supp.2d __, 2008 WL 2595189, at *6 (E.D. Wis. June 27, 2008). Rather, the court should focus on the reasons why the original sentence fell outside the guidelines. Id.

If the departure or variance failed to account for the crack/powder disparity, a further reduction would, if otherwise consistent with the § 3553(a) and U.S.S.G. § 1B1.10 cmt. n.1(B) factors, more likely be warranted. Reid, 2008 WL 2595189, at *6. If at the time of the original sentencing the court accounted for the disparity, however, a further reduction based on the new crack guidelines may not be warranted. See United States v. Leroy, 2008 WL 1780937, at *2 (E.D. Wis.

---

[3] The question exists whether, under Booker and its progeny, a guideline such as § 1B1.10(b)(2)(B) could lawfully preclude a court from reducing the sentence in such circumstances. See, e.g., United States v. Hicks, 472 F.3d 1167, 1173 (9th Cir. 2007) ("[T]o the extent that the policy statements are inconsistent with Booker by requiring that the Guidelines be treated as mandatory, the policy statements must give way.").

[4] The Court recognizes there is a significant distinction between the two terms, departure and variance. See Irizarry v. United States, __ U.S.__, 128 S. Ct. 2198, 2202-03 (2008). For the reasons stated above, however, it does not appear to be a distinction of great significance in the § 3582(c)(2) context.

Apr. 15, 2008) (denying § 3582(c)(2) motion where the original sentence accounted for the crack/powder disparity).

In the instant case, the Court did not take into account the crack/powder cocaine sentencing disparity when it sentenced defendant following remand, and therefore a further reduction may be warranted. Given the Eighth Circuit's then-current jurisprudence on the issue, the Court was prohibited from considering the crack/powder disparity when it determined Collier's sentence on remand.[5] As a result, Collier's 120-month sentence was determined based upon the Court's analysis of the factors outlined in 18 U.S.C. § 3553(a), and did not take into consideration the 100:1 ratio or alternatives thereto. To now refrain from further reducing Collier's sentence to account for the reduced crack-cocaine sentencing disparity would deny Collier the full benefit of the variance which the Court found was warranted under § 3553(a) factors alone. Cf. United States v. Castillo, No. 2008 WL 2971801, at *3 (S.D.N.Y. July 31, 2008) (holding that where court had granted defendant a downward variance when determining his sentence on remand, but had been prohibited from considering the 100:1 crack/power cocaine sentencing disparity, further reduction of the sentence was appropriate); United States v. Philbrick, 2008 WL 2550657, at *2 (D.N.H. June 23, 2008) (holding that although the court had considered the then-proposed amendments to the Guidelines when determining defendant's initial, below-Guidelines sentence, because it had also taken into

---

[5]See United States v. Brown, 453 F.3d 1024, 1027 (8th Cir. 2006) ("[W]e have intimated our agreement . . . that a district court may not reasonably impose a sentence outside the advisory range based solely on a rejection of the disparate treatment of crack and powder cocaine under the guidelines."); United States v. Tabor, 439 F.3d 826, 831 (8th Cir. 2006) ("We have previously rejected Tabor's argument about the unreasonableness of the crack cocaine Guidelines post-Booker."), vacated, 128 S. Ct. 1060 (2008); and United States v. Cawthorn, 429 F.3d 793, 802 (8th Cir. 2005) (holding that "sentencing within the Guidelines based on the crack-powder disparity is not inherently unreasonable"), vacated, 128 S. Ct. 1060 (2008).

consideration other factors pursuant to § 3553(a), the defendant was entitled to a further sentence reduction based on the amended Guidelines); United States v. Benjamin, 2008 WL 972698, at *2 (E.D. Tenn. Apr. 7, 2008) (holding that "[n]otwithstanding the possibility that the court may have considered the § 3553 factors" in fashioning its initial, below-Guidelines sentence, because that sentence "was based on the crack cocaine guidelines in place at the time," a proportional reduction below the amended Guidelines range was warranted).

Because Collier's sentence is "based on" a guideline that has been revised, the Court has discretion to reduce his sentence under 18 U.S.C. § 3582(c)(2). The Court will exercise that discretion and modify Collier's sentencing range based on the newly-effective version of the drug quantity table in U.S.S.G. § 2D1.1. Under the amended guidelines, absent the career enhancement, defendant's total offense level is 23 and his new sentencing range is 70 to 87 months.

In determining to what extent a sentence reduction is warranted under the amended Guidelines, consistent with 18 U.S.C. § 3582(c)(2), the Court considers the factors set forth in 18 U.S.C. § 3553(a), including "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." See U.S.S.G. § 1B1.10, Cmt. 1(B)(i). The Court also considers the nature and seriousness of any danger to any person or to the community that may be posed by a reduction in the defendant's term of imprisonment, see U.S.S.G.

§ 1B1.10, Cmt. 1(B)(ii), and takes into account the post-sentencing conduct of the defendant. See U.S.S.G. § 1B1.10, Cmt. 1(B)(i), (iii).

The Court is not aware of any public safety considerations that would recommend against reducing Collier's sentence. With regard to Collier's post-sentencing conduct, a review of his disciplinary record while in Bureau of Prisons custody shows that defendant has completed a drug education program and a GED, and has "incurred no known violations to date." Probation Report of Aug. 28, 2008 at 2. Moreover, with regard to the nature and circumstances of the offense and the history and characteristics of the defendant, in addition to the factors the Court already considered on resentencing, i.e., that his career offender status overrepresented defendant's criminal history, and having considered defendant's work history, education, record of military service, drug addiction and depression, the Court also notes that Collier was not charged with or convicted of any firearms-related offenses, and only one violent offense, an attempted second-degree burglary in 1992. Under these circumstances, a reduced sentence of 70 months would reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct.

**Conclusion**.

For the foregoing reasons, defendant's motion to reduce sentence should be granted, and Collier's term of imprisonment is hereby reduced to 70 months. The terms of Collier's sentence will remain in effect in all respects other than the term of imprisonment, including all of the conditions of supervised release.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Robert E. Collier's motions for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) are **GRANTED**. [Doc. 49, 51]

**IT IS FURTHER ORDERED** that defendant Robert E. Collier's term of imprisonment is hereby reduced to 70 months.

**IT IS FURTHER ORDERED** that the terms of defendant Robert E. Collier's sentence will remain in effect in all respects other than the term of imprisonment, including all of the conditions of supervised release.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  5th  day of September, 2008.